clearing, and abandoned his contract. The trial judge (WAL-LACE), after instructing the jury that a contract between two parties implied the meeting of their minds on the terms of such contract, proceeded as follows: "A contract can be destroyed, can be rescinded, in exactly the same way. The very moment the meeting of the minds is completed, and it is understood between the parties that the contract is ended now and forever, it is so ended. It may be done by conduct as well as by words. That is the legal principle. You apply it here. Was it the understanding of the parties, Mr. McTeer and Mr. Peeples, when Mr. McTeer moved away his mill and tore up his tramway, that that contract was ended—was destroyed? If so, if their minds so met, then that contract is ended. Did Mr. McTeer, in his mind, understand that all his rights under that contract were renounced and abandoned? If so, they were, and the contract was gone. So soon as there is a mutual meeting of minds, a mutual understanding of a dissolution of a contract, the contract is destroyed and dissolved, and all rights under it fall with it. You are to say from the testimony whether or not Mr. McTeer, when he went away from that place, did intend to renounce all rights under that contract, and Mr. Peeples so understood."

Verdict was for defendant, and plaintiff appealed.

*W. S. Tillinghast*, for appellant. *A. M. Youmans*, contra.

The court say the only disputed question in the case "manifestly was whether the written contract, under which defendant claimed the right to cut the timber, had been abandoned or terminated by the agreement of the parties; and that was a pure question of fact, which the jury were explicitly instructed that they were to determine from the testimony as to the acts as well as the declarations of the parties. From the connection in which the words, 'It may be done by conduct as well as by words,' were used, the jury could not fail to undersand that an agreement to abandon or terminate a contract might be evidenced by acts as well as by words." Judgment affirmed. OPINION by MR. CHIEF JUSTICE McIVER, March 9, 1892.

No. 2896. HIOTT *v.* PIERSON. November Term, 1891. The only point involved in this appeal was whether the trial judge

(HUDSON) had intimated to the jury his opinion on the facts in issue.

*W. B. Gruber* and *J. S. Griffin*, for plaintiff, appellant. *Howell, Murphy & Farrow*, contra.

The court say: "So far as we can perceive, there was really no question of law involved in the case, and in the grounds of appeal the Circuit Judge is charged with error in violating the constitutional provision forbidding a judge from charging the jury upon the facts. The proper construction of this provision has been so often and so recently before this court that we do not deem it necessary to encumber this opinion with the citation of cases and quotations from them. It is sufficient for us to say that it is well settled that this provision, so far from forbidding a judge to state the testimony to the jury, expressly authorizes him to do so; and that, in doing so, he is not confined to a mere repetition of the testimony as it fell from the lips of the witnesses, but that the judge may, and probably should, state to the jury the various questions of fact arising out of the testimony, together with the evidence bearing upon such questions, in its natural and proper order, without regard to the order in which it was detailed by the witnesses from the stand.

A careful examination of the judge's charge in this case will show that this is precisely what he did, and nothing more. We cannot perceive that he indicated to the jury his own impressions as to the effect of the testimony upon any one of the questions of fact arising in the case. On the contrary, the jury were expressly instructed that it was exclusively their province to determine the effect of the testimony upon every question of fact presented. It seems to us, without going through a detailed examination of the several exceptions, in which complaint is made that the judge invited the jury to take into consideration the various circumstances appearing in the testimony bearing upon the several questions of fact presented, that, as he did so without indicating his own opinion as to the effect of such circumstances, there is no foundation for any of the exceptions."

Judgment affirmed. OPINION by MR. CHIEF JUSTICE MC-IVER, March 14, 1892.

No. 2897. GILLAM *v.* ARNOLD. November Term, 1891. This